UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


| | | |
|---|---|---|
| LISA A. WISDOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:02CV379 RWS |
| | ) | (TIA) |
| MICHAEL ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |


## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This cause is on appeal from an adverse ruling of the Social Security Administration. All

pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28

U.S.C. § 636(b) for appropriate disposition.

## I.    Procedural History

On June 23, 2000, Claimant Lisa A. Wisdom filed an application for Supplemental

Security Income payments pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381,

et seq..(Tr. 199-202).[1]  In her application for benefits, Claimant alleged that she is disabled

starting on September 21, 1999, due to severe depression, anxiety, insomnia, HIV, fatigue,

migraine headaches, and stomach problems.  (Tr. 192).  On initial consideration, the Social

Security Administration denied Claimant's claims for benefits on September 27,2000.  (Tr. 192-

95).  Claimant requested a hearing before an Administrative Law Judge ("ALJ").  (Tr. 190).  On

---

[1]"Tr." refers to the page of the administrative record filed by the defendant with its Answer
(Docket No. 24/filed October 3, 2007).

December 18, 2001, a hearing was held before an ALJ. (Tr. 871-98). Claimant testified and was represented by counsel. (Id.). Thereafter, on January 24, 2002, the ALJ issued a decision denying Claimant's claims for benefits. (Tr. 469-78). The ALJ apprised Claimant that she had exhausted all administrative remedies and that she had sixty days to file a civil action in federal court. (Tr. 469-70). As explained by the ALJ to Claimant, the Appeals Council could review his decision on its own motion within sixty days from the date of the instant notice. (Tr. 470). Claimant filed the instant complaint on March 14, 2002. (Docket # 4). On May 31, 2002, Defendant filed a Motion to Remand requesting remand for further administrative proceedings including an evaluation of Claimant's mental functioning and the testimony of a vocational expert. (Tr. 17-18/Docket # 11). On November 18, 2002, the Court ordered the case to be remanded to the Commissioner for further administrative action pursuant to section 6 of sections 205(g) and 1631(c) of the Social Security Act, 42 U.S.C. § 405(g) and 1383(c)(3). (Tr. 14-16/Docket # 15). On March 26, 2003, the Appeals Council remanded the case to the ALJ for further administrative action. (Tr. 19-30). Thereafter, on June 10, 2003, a hearing was held before an ALJ. (Tr. 899-923). Claimant testified and was represented by counsel. (Id.) On January 30, 2004, the ALJ issued a decision finding Claimant not to be disabled and not eligible for Supplemental Security Income. (Tr. 19-30). The Appeals Council inadvertently issued another remand order on April 27, 2005, but thereafter on December 14, 2005, the Appeals Council vacated that remand order and reinstated the ALJ's January 30, 2004, decision as the final decision of the Commissioner in this case. (Tr. 8-9, 13). The Appeals Council found no basis for changing the ALJ's decision and denied Claimant's request for review of the ALJ's decision on January 25, 2006. (Tr. 6-10). The ALJ's determination thus stands as the final decision of the Commissioner. 42 U.S.C. § 405(g).

**Discussion**

At the agency counsel's request, the Appeals Council agreed to reconsider the case, and upon doing so, determined that a remand was appropriate for further consideration of Claimant's claims. On July 17, 2008, Defendant filed a Motion to Reverse and Remand, requesting that the Court remand this case to the agency so that the Appeals Council can remand the case pursuant to sentence four of 42 U.S.C. § 405(g) to the ALJ to perform a drug and alcohol analysis, to provide a well-supported residual functional capacity finding, and to obtain vocational expert testimony.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence four requires substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[2]

The undersigned has reviewed the record in light of Defendant's assertions in the Motion to Reverse and Remand. Because the Appeals Council has agreed that remand is warranted, little discussion is

---

[2] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and the Claimant has no objection to such motion.

necessary. Therefore, in light of the errors committed by the ALJ, the case should be reversed and

remanded for further proceedings.[3] Because Defendant agrees that the case should be reversed and

remanded and provides legal support for the remand, Defendant's unopposed Motion to Reverse and

Remand under sentence four will be granted   Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Reverse and Remand (filed

July 17, 2008/Docket No. 29) be **GRANTED** and this cause be reversed and remanded to the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**IT IS FURTHER RECOMMENDED** that the Commissioner be ordered to expedite the

---

[3] Unfortunately, this case has suffered considerable delays, see Plummer v. Apfel, 186 F.3d 422, 435 (3d Cir. 1999), and the undersigned hesitates to add further abeyance. Claimant has had two hearings before two different ALJs followed by two petitions to the appeals council, two appeals to this Court, and two motions to remand. The disability determination has already taken eight years. Furthermore, the delay in this case has been caused by deficiencies that are not attributable to any error of the claimant. See Podedworny v. Harris, 745 F.2d 210, 223 (3d Cir. 1984). Nonetheless, the SSA nowhere empowers this Court to award disability benefits as a penalty for the Commissioner's delay. This is settled law: "absent a finding that the claimant was actually disabled , delay alone is an insufficient basis on which to remand for benefits." Bush v. Shalala, 94 F.3d 40, 46 (2d Cir. 1996)(delay alone is no substitute for evidence of a disability and thus a ten-year delay not justify a finding in Claimant's favor). Based on the administrative record and under the circumstances, the undersigned concludes a remand is appropriate inasmuch as further proceedings would remedy the defects in the administrative record. See Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001) (if an essential factual issue has not been resolved, and there is no clear entitlement to benefits, the court must remand for further proceedings); compare, Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 746 (10th Cir. 1993) (remanding for award of benefits in similarly protracted case and admonishing that SSA "is not entitled to adjudicate a case ad infinitum until it correctly applies the proper legal standard and gathers evidence to support its conclusion"); Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993) (remanding for award of benefits "[i]n light of [SSA's] patent failure to satisfy [its] erroneous disposition of the proceedings.").

remand.

Dated this __8th__ day of August, 2008.

_____/s/ Terry I. Adelman_____
UNITED STATES MAGISTRATE JUDGE
